**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------X
DANIEL DWYER,

                                Plaintiff,          **MEMORANDUM
                                                                     AND ORDER**
        - against -
                                                                         CV 04-3184 (TCP) (AKT)
DEUTSCHE LUFTHANSA, AG, et al.,

                                Defendants.
----------------------------------------------------------X

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

      There are presently two motions pending before the Court. By letter motion, Plaintiff requests that Defendant Quantem Aviation Services, Inc. ("Quantem") submit to a deposition in New York, although Quantem is a New Hampshire corporation and the witness Plaintiff seeks to depose is located in New Hampshire [DE 115]. Defendant Quantem opposes that motion and has moved the Court for an Order, along with Defendant Deutsche Lufthansa, A.G. ("Lufthansa"), requiring Plaintiff to bear the costs of travel time and expenses Plaintiff's expert witness incurred in connection with that expert's deposition, which was noticed by Defendants [DE 120].

      For the reasons set forth below, Plaintiff shall either travel to New Hampshire to depose the president of Defendant Quantem – Mr. Calvino – or pay the expenses of Mr. Calvino to travel to New York. Defendants shall compensate Plaintiff's expert, Mr. Lacek, at a rate of $175 per hour for traveling to and from his deposition, and shall reimburse him for reasonable out-of-pocket travel expenses.

I. **BACKGROUND**

This action arises out of a single vehicle accident on August 29, 2003. Plaintiff, the driver of the tractor trailer involved in the accident, alleges that the vehicle was loaded improperly by Lufthansa and Quantem at a facility in Dulles, Virginia. It is Plaintiff's contention that this alleged improper loading was the cause of the accident. The accident occurred along a highway in Maryland. This matter has a long procedural background and, other than the limited issue of this Court's personal jurisdiction over Defendant Quantem, discovery has been closed. Discovery on the single issue of jurisdiction was reopened by Judge Platt in his June 20, 2006 Memorandum and Order denying Quantem's motion for summary judgment. Familiarity with that Opinion is presumed for purposes of this Order.

In support of its motion for summary judgment, Quantem submitted an affidavit of its president, Salvatore C. Calvino stating, *inter alia*, that Quantem (i) has been a New Hampshire Corporation since its incorporation in 1995, (ii) did not conduct business in New York, (iii) was not licensed to conduct business in New York, (iv) did not own, possess, use or lease any real property in New York, (v) did not have any personal property in New York, (vi) did not maintain any offices or facilities in New York, and (vii) did not maintain a bank account in New York. Judge Platt denied Quantem's motion for summary judgment, holding that "further jurisdictional discovery" should be conducted to allow Plaintiff to explore "whether Defendant is 'doing business' in New York" (June 20, 2006 Mem. and Order at 2, 10).

Document discovery on the jurisdictional issue has been completed and all that remains is the deposition of Quantem's president. In a less than one page letter motion, Plaintiff requested "a hardship exemption pursuant to Fed. R. Civ. P. 30 (b)." Plaintiff asserts, without affidavit or any other support, "Defendant is a major corporation doing business in many states and had, until recently, conducted business in New York State. Conversely, the Plaintiff in this case is without funds." Based upon this assertion alone, Plaintiff contends he is entitled to an exception to the general rule requiring corporate defendants to be deposed in their place of residence. In response, Defendant argues that (1) Plaintiff here has not demonstrated the need for an exception to the general rule that defendant's deposition will be held in the district of his residence and (2) Plaintiff has traveled to Virginia and Maryland to conduct other depositions in this matter. Plaintiff has provided no information or documentation to demonstrate how his circumstances have now changed to such a degree that he is entitled to hardship exemption. Neither party has addressed the convenience of either location or litigation efficiency of conducting the deposition in either forum.

II. **DISCUSSION**

    A. DEPOSITION OF CORPORATE REPRESENTATIVE

The issue raised by this motion, quite simply, is whether a corporate defendant seeking to dismiss the claims against it based on an assertion that the Court lacks personal jurisdiction over the corporation should be required to bring its representative to the jurisdiction to establish the lack of contacts.

Defendants' counsel is correct – there is a presumption that depositions of corporate officers will take place "at the corporate officer's residence or the corporation's principal place of

business." *Silva Run Worldwide Limited*, No. 96-CV-3231, 2003 WL 23009989, at *1 (S.D.N.Y. Dec. 23, 2003) (citing *Buzzeo v. Bd. of Educ.,* 178 F.R.D. 390, 392 (E.D.N.Y. 1998)); *see also Mill-Run Tours, Inc. v. Khashoggi*, 124 F.R.D. 547, 550 (S.D.N.Y. 1989). This presumption is weakened "if the plaintiff was constrained in choosing the forum for litigation." *Devlin v. Transp. Comm. Int'l Union*, No. 95-CV-742, 2000 WL 28173, at *3 (S.D.N.Y. Jan. 14, 2000). The presumption can also "be overcome by a showing that factors of cost, convenience and litigation efficiency militate in favor of holding the deposition somewhere other than the district of the deponent's residence or place of business." *Devlin v. Transp. Comm. Int'l Union*, No. 95-CV-742, 2000 WL 28173, at *3 (S.D.N.Y. Jan. 14, 2000) (citing *Doe v. Karadzic*, No. 93-CV-878, 1997 WL 45515, at *3 (S.D.N.Y. Feb. 7, 1997)); *Zurich Ins. Co. v. Essex Crane Rental Corp.*, No. 90-CV-2263, 1991 WL 12133 at *2 (S.D.N.Y. Jan. 29, 1991) ("presumption is not a strong one and operates primarily when other factors do not favor any particular site for the depositions").

Plaintiff does not – and given the circumstance underlying this action cannot – argue that New York was the only possible forum in which to purse this action. Accordingly, the presumption applies with full force and the remaining three factors to be evaluated for purposes of this motion are analyzed below.

1. Cost

Cost considerations which are relevant to the location of a deposition "may be looked at from two perspectives: the impact that the choice of site has on total costs and the relative ability of the parties to bear the expenses." *Devlin*, 2000 WL 28173, at *3. Both Plaintiff's counsel and Defendants' counsel are based in New York. With regard to the place of deposition,

4

therefore, there are two choices: either transport counsel for both sides to New Hampshire or transport the corporate officer witness to New York. In this instance, overall costs would be greater if the deposition were held in New Hampshire in terms of travel for counsel. *See, e.g.*, *Silva Run Worldwide Ltd.*, 2003 WL 23009989, at *1 (since "the lawyers of Plaintiff, Defendant and Defendants seven other co-defendants are located in New York City, as are all other documents upon which the deposition will be based," the deposition should take place in New York). In addition, the Plaintiff has the right to be present if he chooses and the cost for him to attend in New York are *de minimis* while the costs would be somewhat higher if forced to travel to New Hampshire. It is self-evident that having one witness come to New York rather than have two or three attorneys travel to New Hampshire is more cost-effective. *See Sugarhill Records, Ltd.*, 105 F.R.D. at 172

However, it is not disputed that Plaintiff's annual wages are approximately $30,000 per year. Similarly, Defendants' counsel has not asserted or demonstrated any financial hardship on the part of Defendants in requiring its President to travel to New York to be deposed. Thus, although this case follows the general principle that corporate defendants are in a better position than individual plaintiffs to absorb travel costs associated with depositions, *see Mill-Run Tours, Inc.,* 124 F.R.D. at 550 (citing *Tomingas v. Douglas Aircraft Co.*, 45 F.R.D. 94, 97 (S.D.N.Y. 1968)), Plaintiff has not demonstrated he lacks sufficient resources to travel to New Hampshire for the deposition. Given Plaintiff's ability to travel to the earlier depositions and the lack of evidence that his circumstances have changed in some way I find no justification for the cost factor to overcome the general presumption.

5

2. Convenience

Factors relevant to convenience include "hardship to counsel, the residence of the deponents, and the extent to which the witness' affairs might be disrupted." *Devlin*, 2000 WL 28173, at *3; *see also Mill-Run Tours, Inc.*, 124 F.R.D. at 551 (holding "the interests of counsel would be best served by holding depositions in New York, since the attorneys all practice here"); *see also Sugarhill Records, Ltd.*, 105 F.R.D. at 172. The size of an attorney's firm is also an appropriate factor to consider in determining convenience. *See Mill-Run Tours, Inc.*, 124 F.R.D. at 551. Neither side has argued hardship with respect to the conduct of this deposition in New Hampshire. Indeed, as Defendant points out, depositions in this matter have already been conducted in Dulles, Virginia and the vicinity of Baltimore, Maryland. Thus, this factor is neutral.

3. Litigation Efficiency

The final factor to be considered in designating the site of this particular deposition includes the elements affecting the efficiency of the litigation. *See Mill-Run Tours, Inc.*, 124 F.R.D. at 551. To date, there has been no need to call upon the Court to oversee any of the depositions, and, given the limited subject matter to be explored during this deposition, I have no reason to believe that any disputes which could arise could not be handled through a telephone conference call. In addition, neither of the parties has argued that this factor weighs heavily in its favor. Therefore, I find that the factor of litigation efficiency is also neutral.

Accordingly, the Plaintiff has not overcome the general presumption that corporate officers should be deposed at their place of business. Defendant similarly has not demonstrated it is essential that the deposition take place in New Hampshire. I am therefore giving the parties

6

the option of either going forward with the deposition in New Hampshire or Plaintiff paying the travel expenses of Mr. Calvino to attend a deposition in New York.  The parties are directed to notify the Court within ten days by letter filed on ECF as to their determination with respect to the deposition of Mr. Calvino.  The deposition must be completed within 30 days from the date of this Order.

B. <u>TRAVEL FEES AND EXPENSES OF EXPERT</u>

Compensating an expert for his time spent in deposition is mandatory under Rule 26 to avoid the unfairness of requiring one party to provide expensive discovery for another party's benefit without reimbursement.  *Magee v. Paul Revere Life Ins. Co.*, 172 F.R.D. 627, 646 (E.D.N.Y.1997).  Defendant has not argued that Plaintiff's expert is not entitled to the $ 350/hr fee requested for attendance at or preparation for his deposition.  Defendants have only requested "a ruling regarding plaintiff's demand for advance payment of his expert fees associated with travel time and travel expenses for his deposition." [DE 120]

A number of courts in the Second Circuit have held that Rule 26(b)(4)(C) "permits recovery of fees for an expert's travel time along with the expert's out-of-pocket expenses." *Bonner v. American Airlines, Inc.,* No. 96 Civ. 4762, 1997 WL 802894, at *1 (S.D.N.Y. Dec.31, 1997); *see also Garnier v. Illinois Tool Works, Inc.* , No. 04 CV 1825, 2006 WL 1085080 (E.D.N.Y. Apr. 24, 2006) (allowing recovery of travel time and expenses); *Magee v. Paul Revere Life Ins. Co.*, 172 F.R.D. 627, 646 (E.D.N.Y.1997) ("Travel time has been held compensable"); *David Tunick, Inc. v. Kornfeld,* 151 F.R.D. 534, 536 (S.D.N.Y.1993); *In re "Agent Orange" Prod. Liab. Litig.,* 105 F.R.D. 577, 582 (E.D.N.Y.1985).

*Lent v. Fashion Mall Partners, L.P.,* 223 F.R.D. 317, 318 (S.D.N.Y. 2004), cited by Defendants fails to recognize this authority in its refusal to award travel time.  Moreover, in *Lent*, the court noted that "Plaintiff has not made a showing, or even claimed, that no acceptable . . . experts were available in the New York area." *Id.* at 318.  Here, Plaintiff did retain a local expert, who unfortunately will be unavailable to testify at trial, and the replacement expert is that expert's direct superior.  Given those circumstances, it is appropriate for Defendants to pay the expenses of the replacement expert in appearing for his deposition.  However, just as in *Garnier v. Illinois Tool Works, Inc.*, 2006 WL 1085080, that compensation should not be at the full hourly rate charged for rendering professional services.  *See id.* at * 5.  Accordingly, it is hereby ordered that Defendants shall pay Plaintiff's expert for his travel time at half of his normal rate, or $ 175, and reasonable travel expenses.  Such payment shall be made within ten days from the date of this Order.

**SO ORDERED.**

Dated: Central Islip, New York
February 13, 2007

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge